Shepard
v.
Pratt.

## WILLIAM ALLEN *versus* SCHOOL DISTRICT No. 2 IN WESTPORT.

A town has authority to alter the limits of an existing school district.

In an action against a school district, to recover the rent of a school room hired by the prudential committee of the district, he is competent to testify to the contract made by him, and to the fact of the keeping of a district school in such room

It is no defence to such action, that the school was partly supported by private contributions, and so was continued longer than it otherwise would have been, or that the instructers were not legally employed or duly qualified for their situations, or that there was no legal appropriation or distribution by the town, of the funds raised for the support of schools.

THIS was assumpsit for the rent of school rooms, for labor in preparing seats, desks, &c., for the school, and for materials furnished.

At the trial in the Court of Common Pleas, on the general issue, before *Williams* J., the plaintiff produced in evidence

the records of the proceedings of the town of Westport, at a meeting held on December 21, 1816 ; at which meeting, the town was divided into eighteen school districts. It was admitted that afterwards, but before the present cause of action accrued, some alteration had been made by the town in the limits of the school district No. 2.

The plaintiff also offered in evidence the records of the proceedings of the town at a meeting held on April 6, 1829, and, by adjournment, on the second Monday of May 1829 ; at which meeting Abner B. Gifford, N. C. Brownell, and James H. Handy were elected the general school committee of the town, and Jeptha Gifford, the prudential committee of school district No. 2, for the then next ensuing year. The record of a vote of the town was also produced, by which the sum of $850 was appropriated for the support of schools for the ensuing year, to be apportioned in such manner as the selectmen might judge best under certain circumstances.

The plaintiff then called Jeptha Gifford as a witness. The defendant objected to his competency ; but the objection was overruled. The witness testified, that there was no schoolhouse in district No. 2 ; that in June, 1829, he, as prudential committee, contracted to hire a room of the plaintiff, for the district school, at a rent of one dollar a month ; that the plaintiff was to provide the necessary benches, &c., and was to be paid therefor in addition to the rent ; that the plaintiff accordingly provided a desk and benches for the use of the school ; that the witness hired one Alithea Allen to teach the school, and that she kept it for four months, in the room thus provided ; that he paid her therefor the sum of $18.33 ; that, of this sum he received $8.20, out of the money raised by the town and appropriated to the school district No. 2, for a summer school ; and that the residue was paid out of his own funds ; that in the autumn of the year 1829, he again hired of the plaintiff a room for the district winter school, at a rent of three dollars a month ; that the witness hired Joseph Crapo, to keep the winter school, for the sum of $10 a month ; that Crapo accordingly kept the school for the term of three months ; that Crapo was wholly paid out of the money raised and appropriated to the support of schools by the town ; and

tnat the witness gave notice to the district generally, of the establishment of such schools.

No evidence was offered to prove that Alithea Allen had been approved as an instructer by the school committee of Westport. A certificate signed by Abner B. Gifford, in behalf of the school committee of Westport, was produced, by which it was certified that Crapo was in his opinion competent to teach the school.

James H. Handy testified, that he never acted as a member of the school committee, or authorized any one to act for him ; and that he neither accepted nor declined the office, and did not consider that he had any thing to do as a member of that committee. A. B. Gifford testified, that no other member of the committee was present, when he granted the certificate in favor of Crapo ; but that he and Brownell had previously consulted together on the subject of granting such certificates, and that it was understood that either should have authority, in the absence of the other, to grant and sign them in behalf of the committee.

The defendants offered to prove various acts and declarations of Jeptha Gifford during the time when such schools were kept and afterwards, and particularly, that he called on several inhabitants of the district, whose children had attended the schools, to contribute towards the expenses thereof, and that money had accordingly been contributed for this purpose. The defendants also offered to prove, that a number of the inhabitants of the district called upon Jeptha Gifford to inquire, whether the school which was kept through the winter, would be a public or a private school, and that he answered, that he could not tell, but would consult with the rest and determine upon what conditions they might send their children to the school, and that he did not know that it was a free school. This evidence was ruled to be inadmissible.

At the December term of the Court of Common Pleas in 1831, a verdict was taken for the plaintiff, by the direction of the court. The defendants thereupon filed exceptions.

*Coffin*, for the defendants, contended that Jeptha Gifford was not a competent witness, on the ground of interest ; for he would become responsible personally to the plaintiff, in

Allen
*v.*
School Dis-
trict No. 2
in Westport

*Oct. 26th*
1832

case the plaintiff should not succeed in this action. *Emerton v. Andrews*, 4 Mass. R. 653. · The rule as to the admissibility of agents is inapplicable, where the agent does not act in the ordinary course of his employment. It was competent therefore for the defendants to give evidence of his acts and declarations, for the purpose of proving that he acted in his private capacity, and not as prudential committee, and so that this was a private school and not a district school.

The defendants are not chargeable in this action ; for the provisions of the *St.* 1826, *c.* 143, were not complied with, either in organizing the district, or in distributing the money appropriated by the town for the support of schools, the apportionment being left to the discretion of the selectmen. Neither was there any such general school committee, as was contemplated by the statute ; for Handy, who was chosen as a member, declined to act as such. So also the provisions of the statute in regard to the qualifications of the instructers, have not been complied with. One of the teachers has never obtained from the committee a certificate of her qualifications ; and the certificate of the other· is insufficient.

*Warren* and *A. Bassett*, for the plaintiff.

*Oct. 27th,*
*1832.*

MORTON J. delivered the opinion of the Court. The town of Westport appears to have been legally divided into school districts ; and the subsequent alterations of their limits does not affect their legality. *Richards* v. *Dagget*, 4 Mass. R. 534.

The prudential committee hired the plaintiff's rooms for the use of a *district school*, and employed him to prepare them for that use. They were accordingly so occupied.

School districts are made corporations by *St.* 1826, *c.* 143, and are authorized to purchase, build or hire schoolhouses ; to furnish them for the use of schools ; and to raise money to defray the expenses thus incurred. It is the appropriate duty of the prudential committee to keep the schoolhouse in good order, to provide suitable furniture, fuel, &c., for the accommodation of the scholars, and if there be no schoolhouse belonging to the district, to hire rooms for the school. *Clark* v. *Great Barrington*, 11 Pick. 260.

The prudential committee is the only person authorized to

perform this duty ; and any contracts made by him in the due execution of it becomes the contract of the district ; and they alone are bound by it. The committee is a public agent, and not personally liable for any thing done in pursuance of his legal authority.

His power is defined by law, and his appointment must be proved by the records of the district. He is competent to testify to the contract made by him, and to the fact of the keeping of a district school.

The plaintiff having made a contract with the district, through its authorized agent, to furnish and let his rooms for the use of a town or district school, is entitled to recover according to the terms of his contract. It is no defence, that the school was protracted by private contributions, or that the instructers were not legally employed or duly qualified for their situations. These are facts over which the plaintiff had no control.

If the prudential committee neglected his duty, or abused his authority in the selection of teachers, or if the district suffered the rooms to be used for purposes other than those for which they were hired, it will not absolve them from their contract.

Nor does the plaintiff's right to recover depend, in any degree, upon the legal appropriation or distribution by the town, of the funds raised for the support of schools. His remedy is against the district, and cannot be affected by any act of the town.

The facts, that individuals aided the funds of the town by contribution in fuel, in the board of the instructers, or in money, and thus continued the school longer than it otherwise would have been kept, do not change the character of the school. They would have been no defence to the action ; and therefore the evidence tending to prove them was properly excluded.

*Judgment of the Court of Common Pleas affirmed.*